# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUDOLPH WHITE; ROBERT COX; KENLEY EXUME; LESLIE GOOD; GIUSEPPE BARLETTA; COMMONWEALTH SECOND AMENDMENT, INC.; FIREARMS POLICY COALITION, INC. and SECOND AMENDMENT FOUNDATION,, <br>                Plaintiff, <br><br> v. <br><br> MICHAEL COX, in his official capacity as Police Commissioner of The City of Boston <br>                Defendant. | Civil Action No. <br> 1:23-cv-12031-IT |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

The Defendant, Michael A. Cox, in his Official Capacity as Boston Police Commissioner responds to the allegations contained in the Plaintiff's Complaint, paragraph by paragraph as follows:

1. Paragraph One is an introductory paragraph to which no response is required, to the extent a response is required the allegations in paragraph one are denied.
2. The Defendant denies the allegations set forth in Paragraph Two.

### Jurisdiction and Venue

3. Paragraph Three is a statement of law to which no response is required, to the extent a response is required the allegations in Paragraph Three are denied.
4. Paragraph Four is a statement of law to which no response is required, to the extent a response is required the allegations in Paragraph Four are denied.
5. Paragraph Five is a statement of law to which no response is required, to the extent a response is required the allegations in Paragraph Five are denied.
6. Paragraph Six is a statement of law to which no response is required, to the extent a response is required the allegations in Paragraph Six are denied.

## Parties

7. The Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph Seven. To the extent a response is required the defendant denies the allegations set forth in Paragraph Seven.
8. The Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph Eight. To the extent a response is required the defendant denies the allegations set forth in Paragraph Eight.
9. The Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph Nine. To the extent a response is required the defendant denies the allegations set forth in Paragraph Nine.
10. The Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph Ten. To the extent a response is required the defendant denies the allegations set forth in Paragraph Ten.
11. The Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph Eleven. To the extent a response is required the defendant denies the allegations set forth in Paragraph Eleven.
12. The Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph Twelve. To the extent a response is required the defendant denies the allegations set forth in Paragraph Twelve.
13. The Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph Thirteen. To the extent a response is required the defendant denies the allegations set forth in Paragraph Thirteen.
14. The Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph Fourteen. To the extent a response is required the defendant denies the allegations set forth in Paragraph Fourteen.
15. The Defendant Admits the allegations set forth in Paragraph fifteen.

## Constitutional Provisions

16. Paragraph Sixteen is a statement of law to which no response is required.
17. Paragraph Seventeen is a statement of law to which no response is required.
18. Paragraph Eighteen is a statement of law to which no response is required.
19. Paragraph Nineteen is a statement of law to which no response is required.
20. Paragraph Twenty is a statement of law to which no response is required.
21. Paragraph Twenty-one is a statement of law to which no response is required.
22. Paragraph Twenty-two is a statement of law to which no response is required.

## Pertinent Statutes and Regulations

23. Paragraph Twenty-three is a statement of law to which no response is required.
24. Paragraph Twenty-four is a statement of law to which no response is required.
25. Paragraph Twenty-five is a statement of law to which no response is required.
26. Paragraph Twenty-six is a statement of law to which no response is required.
27. Paragraph Twenty-seven is a statement of law to which no response is required.
28. Paragraph Twenty-eight is a statement of law to which no response is required.

## The Boston Police Department's Policy, Custom or Practice of Delaying the processing of license applications.

29. The Defendant admits the allegations set forth in Paragraph Twenty-nine.
30. The Defendant admits the allegations set forth in Paragraph Thirty.
31. The Defendant denies the allegations set forth in Paragraph Thirty-one.
32. The Defendant admits the allegations set forth in Paragraph Thirty-two.
33. The Defendant denies the allegations set forth in Paragraph Thirty-three.

## Injury to Plaintiff Robert Cox

34. The Defendant admits the allegations set forth in Paragraph Thirty-four.
35. The Defendant admits the allegations set forth in Paragraph Thirty-five.
36. The Defendant admits that Mr. White's application remains pending and that he has not been contacted to schedule an appointment to take his fingerprints. The Defendant is without sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph Thirty-Six.

## Injury to Plaintiff Robert Cox

37. The Defendant admits that Mr. Cox submitted an application through his attorney on February 20, 2023. The Defendant is without sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph Thirty-seven.
38. The Defendant admits the allegations set forth in Paragraph Thirty-eight.
39. The Defendant admits the allegations set forth in Paragraph Thirty-nine.
40. The Defendant admits the allegations set forth in Paragraph Forty.
41. The Defendant denies the allegations set forth in Paragraph Forty-one.

## Injury to Plaintiff Kenley Exume

42. The Defendant admits the allegations set forth in Paragraph Forty-two.

43. The Defendant admits that Mr. Exume was told that he would be contacted regarding scheduling an appointment to be fingerprinted. The Defendant is without sufficient knowledge to admit or deny the remaining allegations contained within Paragraph Forty-three.
44. The Defendant admits that it has not contacted Mr. Exume since he submitted his application on April 24, 202. The Defendant is without sufficient knowledge to admit or deny the remaining allegations contained within Paragraph Forty-four.

### Injury to Plaintiff Leslie Good

45. The Defendant admits the allegations set forth in Paragraph Forty-five.
46. The Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph Forty-six, to the extent a response is required the allegations contained within Paragraph Forty-six are denied.
47. The Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph Forty-seven, to the extent a response is required the allegations contained within Paragraph Forty-seven are denied.
48. The Defendant admits the allegations set forth in Paragraph Forty-eight.
49. The Defendant admits the allegations set forth in Paragraph Forty-nine.
50. The Defendant denies the allegations set forth in Paragraph Fifty.

### Injury to Plaintiff Giuseppe Barletta

51. The Defendant admits the allegations set forth in Paragraph Fifty-one.
52. The Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph Fifty-two, to the extent a response is required the allegations contained within Paragraph Fifty-two are denied.
53. The Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph Fifty-three, to the extent a response is required the allegations contained within Paragraph Fifty-three are denied.
54. The Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph Fifty-four to the extent a response is required the allegations contained within Paragraph Fifty-four are denied.

### Injury to Organizational Plaintiffs

55. The Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph Fifty-five to the extent a response is required the allegations contained within Paragraph Fifty-five are denied.

3

56. The Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph Fifty-six, to the extent a response is required the allegations contained within Paragraph Fifty-six are denied.
57. The Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph Fifty-seven, to the extent a response is required the allegations contained within Paragraph Fifty-seven are denied.
58. The Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph Fifty-eight, to the extent a response is required the allegations contained within Paragraph Fifty-eight are denied.
59. The Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph Fifty-nine, to the extent a response is required the allegations contained within Paragraph Fifty-nine are denied.
60. The Defendant denies the allegations set forth in Paragraph Sixty.

**Cause of Action for Deprivation of Civil Rights 42 U.S.C. §1983**

61. The Defendant denies the allegations set forth in Paragraph Sixty-one.
62. The Defendant denies the allegations set forth in Paragraph Sixty-two.
63. The Defendant denies the allegations set forth in Paragraph Sixty-three.
64. The Defendant denies the allegations set forth in Paragraph Sixty-four.

**Prayer**

i. This paragraph constitutes a prayer for relief to which no response is required. The Defendant submits that the Plaintiff is not entitled to such relief.
ii. This paragraph constitutes a prayer for relief to which no response is required. The Defendant submits that the Plaintiff is not entitled to such relief.
iii. This paragraph constitutes a prayer for relief to which no response is required. The Defendant submits that the Plaintiff is not entitled to such relief.
iv. This paragraph constitutes a prayer for relief to which no response is required. The Defendant submits that the Plaintiff is not entitled to such relief.
v. This paragraph constitutes a prayer for relief to which no response is required. The Defendant submits that the Plaintiff is not entitled to such relief.

  vi.  This paragraph constitutes a prayer for relief to which no response is required. The Defendant submits that the Plaintiff is not entitled to such relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

At all times hereto, the Defendants acted in accordance with all relevant laws and regulations of the United States and the Commonwealth of Massachusetts.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim on which relief may be granted by failing to establish that the Department discriminated against him. Fed R. Civ. P. 12(b)(6).

### THIRD AFFIRMATIVE DEFENSE

The so-called "organizational plaintiffs" lack standing under Article III to the United States Constitution and a cognizable injury.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are moot.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to sufficiently allege a claim under Monell v. Dept. of Soc. Svcs, 436 U.S. 658 (1977)

### SIXTH AFFIRMATIVE DEFENSE

The Defendant is immune from suit under the doctrine of Sovereign Immunity.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant is immune from suit as he was engaging in discretionary functions.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege a cognizable injury.

### NINTH AFFIRMATIVE DEFENSE

Defendant did not maintain an unconstitutional municipal policy practice or custom.

### **TENTH AFFIRMATIVE DEFENSE**

Defendant did not maintain a municipal practice which by its implementation was deliberately indifferent to the constitutional rights of the Plaintiffs.

### **ELEVENTH AFFIRMATIVE DEFENSE**

Defendant has exercised his authority in a manner consistent with M.G.L. c. 140 §131.

### **TWELFTH AFFIRMATIVE DEFENSE**

No decision or action by other officials of the City of Boston vested with policymaking authority was deliberately indifferent to the constitutional rights of the plaintiffs.

### **THIRTEENTH AFFIRMATIVE DEFENSE**

The Court should avoid reaching a decision on constitutional grounds where the case has not been litigated on state statutory grounds.

### **FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant and his employees, policymakers and/or agents are shielded from liability by the doctrine of qualified immunity.

### **FIFTEENTH AFFIRMATIVE DEFENSE**

The Defendants hereby gives notice that they intend to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this case and hereby reserve the right to amend this Answer and assert such defenses.

### **DEMAND FOR JURY TRIAL**

The Defendant demands a trial by jury on all triable issues.

### **CONCLUSION**

The Defendants reserve the right to amend or introduce additional exhibits relevant to the facts underlying the decisions made by the Defendant or his employees.

Respectfully submitted,

City of Boston and Boston Police Department

By its attorneys,
Adam Cederbaum
Corporation Counsel,


/s/ James Megee
_____
James J. Megee BBO #691911
Assistant Corporation Counsel
Office of the Legal Advisor
Boston Police Department
One Schroeder Plaza
Boston, MA 02120
Date: 1/3/2024                             (617) 343-4550

7

## **CERTIFICATE OF SERVICE**

      I, James J. Megee hereby certify that on this date I served a copy of the foregoing document via electronic filing (EFC) on all counsel of record. Copies were also served in hand.

Date:  1/3/2024                                                   /s/ James J. Megee
                                                                          James J. Megee